# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| LEIGHTON SHELLEY LOOMIS | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:26-CV-0552-S |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant Wal-Mart Stores Texas, LLC's Partial Motion to Dismiss Plaintiff Leighton Shelley Loomis's General Negligence Claims ("Motion") [ECF No. 12]. The Court has reviewed the Motion, Defendant's Brief in Support of the Motion ("Defendant's Brief") [ECF No. 13], Plaintiff's Response to the Motion ("Response") [ECF No. 16], Defendant's Reply Brief in Support of the Motion [ECF No. 17], and the applicable law. For the following reasons, the Court **GRANTS** the Motion.

## I. BACKGROUND

This action arises from an incident that occurred at one of Defendant's stores in Dallas County. Pl.'s First Am. Pet. ("Amended Petition") [ECF No. 11] ¶ 11. Plaintiff alleges that she was trying to pull a produce bag from a dispenser when the dispenser "suddenly and unexpectedly disassembled." *Id.* ¶¶ 14-15. Parts of the dispenser allegedly fell and struck Plaintiff's left hand, wrist, and foot, causing injury. *Id.* ¶¶ 16-17. According to Plaintiff, the "dangerous condition existed for a sufficient period of time such that Defendant knew or should have known of it through the exercise of reasonable care" and that Defendant "failed to make the condition safe or warn customers." *Id.* ¶¶ 21-22. Plaintiff brings claims for premises liability, negligence, and negligent training and supervising. *Id.* ¶¶ 24-39. Defendant moves to dismiss Plaintiff's negligence and negligent training and supervision claims.

## II. LEGAL STANDARD

To defeat a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

In ruling on a Rule 12(b)(6) motion, the court limits its review to the face of the pleadings. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The ultimate question is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). At the motion to dismiss stage, the Court does not evaluate the plaintiff's likelihood of success. It only determines whether the plaintiff has stated a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977).

## III. ANALYSIS

"Under Texas law, 'a person injured on another's property may have either a negligence claim or a premises-liability claim against the property owner,' ***but not both***."[1] *Barron v. United States*, 111 F.4th 667, 671 (5th Cir. 2024) (emphasis added) (quoting *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016)). The factual circumstances of the case determine whether a plaintiff injured on a defendant's property has a general negligence claim or a premises liability claim. *Id.* (citing *Occidental Chem. Corp.*, 478 S.W.3d at 644).

"When the injury is the result of a contemporaneous, negligent activity on the property, ordinary negligence principles apply. When the injury is the result of the property's condition rather than an activity, premises-liability principles apply." *Id.* at 671-72 (quoting *Occidental Chem. Corp.*, 478 S.W.3d at 644). Stated differently, a general negligence claim is available when the injury results from "a malfeasance theory based on affirmative, contemporaneous conduct," while a premises liability claim is available when the injury involves "a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Id.* at 672 (quoting *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017)). Importantly, "[c]reative pleading does not change the nature of a claim; if a claim is properly determined to be one for premises defect, a plaintiff cannot circumvent the true nature of the claim by pleading it as general negligence." *Id.* (quoting *United Scaffolding, Inc.*, 537 S.W.3d at 480).

Here, Plaintiff pursues general negligence and premises liability theories based on the same injury. Plaintiff alleges that she was injured due to Defendant's failure to inspect and maintain the produce bag dispenser and corresponding failure to warn customers. Am. Pet. ¶¶ 14-16, 19-22.

---

[1] The parties do not dispute that Texas substantive law applies to this diversity case, and the Court agrees. *See Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 195-96 (5th Cir. 2014) (explaining that Texas law applied to a diversity suit asserting "ordinary negligence, gross negligence, and premises liability claims against Kroger"); *see also* Def.'s Br. 2 (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 71-77 (1938)); Resp. 3.

Plaintiff does not allege any facts relating to a negligent activity that occurred on the premises that contemporaneously caused her injury. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) ("Recovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." (citation omitted)). Therefore, the Court determines that Plaintiff's "injuries are properly conceived as resulting from a condition on the premises rather than an ongoing activity." *Austin*, 746 F.3d at 196.

Because Plaintiff has not alleged a contemporaneous activity, her claim "sounds exclusively in premises-liability." *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 215 (Tex. 2015) (citation omitted). Thus, the Court dismisses Plaintiff's negligence and negligent hiring and supervising claims. *See Medina v. Costco Wholesale Corp.*, 722 F. Supp. 3d 634, 638 (N.D. Tex. 2024) (stating that "claims for respondeat superior and negligent hiring, retention, training, and supervision fail where the plaintiff fails to allege a contemporaneous activity" (citation omitted)). As creative pleading cannot change the fact that Plaintiff's allegations sound in premises liability, the Court finds that amendment of Plaintiff's negligence and negligent training and supervision claims would be futile and therefore dismisses these claims with prejudice. *See Shelton v. Wal-Mart Stores Tex., LLC*, No. 4:24-CV-1299, 2024 WL 3744402, at *2-3 (S.D. Tex. Aug. 8, 2024) (dismissing plaintiff's negligent hiring, retention, training, and supervision claim with prejudice because her injury stemmed from a condition rather than an action taken by the defendant, making amendment futile).

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Wal-Mart Stores Texas, LLC's Partial Motion to Dismiss Plaintiff's General Negligence Claims [ECF No. 12]. Plaintiff's negligence and negligent hiring and supervision claims are **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

SIGNED November 1, 2026.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**